UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

    Plaintiff,

v.                                                            Case No. 05-C-0586

JOHN HUSZ, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

    Plaintiff Jonathon M. Mark, who is proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Chippewa Valley Correctional Transitional Facility. He has paid the full filing fee of $250.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the inmate has paid the filing fee. 28 U.S.C. § 1915A(a); *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The bulk of plaintiff's complaint pertains to alleged deficiencies in the inmate complaint review system (ICRS) in his prison and alleged interference with his access to the courts. While prisoners do have a constitutional right to access to the courts, *see Bounds v. Smith*, 430 U.S. 817 (1977), a prisoner may maintain a suit for a violation of that right only against a defendant whose actions hindered him from prosecuting non-frivolous litigation. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000) ("To prove a violation of this right, a plaintiff must demonstrate that state action hindered his or her efforts to pursue a non-frivolous legal claim and that consequently the plaintiff suffered some actual concrete injury.").

Plaintiff has identified neither a non-frivolous legal claim that he was unable to pursue nor any concrete injury resulting from his inability to pursue that claim. Moreover, the alleged deficiencies in the ICRS do not rise to the level of constitutional violations, because plaintiff remains free to file suit in federal or state court even if the prison administration mishandles his complaints. Plaintiff also makes numerous allegations of violations of state statutes or regulations. These are not actionable in federal court. Nor is there a first amendment right to have mail delivered on Saturdays.

Nevertheless, a few of the allegations in the complaint are sufficient to survive screening. Plaintiff alleges that Defendant Kelly Quarles refused to let him possess two religious publications. Plaintiff also alleges that Defendant Chaplain North has refused to provide religious services for him (though he has done so for prisoners of other religions), and has refused to let him worship in his cell, or with inmates of the same religion, as an alternative. Plaintiff further alleges that Defendant Matthew Frank imposed a regulation forbidding prisoners to maintain more than $75 of personal property, which impedes plaintiff's exercise of his religion. Finally, plaintiff alleges that Defendant Mr. Radcliffe and one or more defendants of unknown name were deliberately indifferent to his medical need for foot arches. Plaintiff seeks compensatory damages, injunctive and declaratory relief for these alleged violations of his rights.

As it stands, the complaint violates both Fed. R. Civ. P. 8(a) ("A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief [and] a demand for judgment for the relief the pleader seeks.") and Fed. R. Civ. P. 10(b) ("All averments of claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances

3

. . ."). When a complaint fails to satisfy the requirements of Fed. R. Civ. P. 8(a), an appropriate remedy is to dismiss the complaint but to give the plaintiff leave to re-plead. *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 649 n. 5 (7th Cir. 1997). The court will do so here. If plaintiff chooses to re-plead, he should set forth his allegations against Defendants Quarles, North, Frank, and Radcliffe in numbered paragraphs. Each paragraph should allege only a single fact. Plaintiff should include only allegations relating to the viable claims identified in the paragraph immediately preceding this one.

**THEREFORE, IT IS ORDERED** that plaintiff's claims against Defendants Husz, Salinas, Mitchell, Nimz, Colvin, Porter, Cobb, and Hortman are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that plaintiff's claims against Defendants Quarles, North, Frank, and Radcliffe are dismissed, without prejudice, because they fail to set forth a short and plain statement of plaintiff's claim showing that plaintiff is entitled to relief.

**IT IS ORDERED, HOWEVER**, that plaintiff may file an amended complaint within thirty (30) days of the date of this Order. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint must be complete in itself without reference to any prior pleadings. *See* Civil L. R. 15.1. The plaintiff must file an original and two copies of the amended complaint.

Dated this 6th day of June, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
