UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

        Plaintiff,

v.                              Case No. 05-C-0586

JOHN HUSZ, *et al.*,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff Jonathon M. Mark, who is proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Chippewa Valley Correctional Transitional Facility. He has paid the full filing fee of $250.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the inmate has paid the filing fee. 28 U.S.C. § 1915A(a); *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

On June 6, 2005, the court dismissed plaintiff's first complaint for failure to comply with Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 10(b). Plaintiff has filed an amended complaint that cures these deficiencies. Plaintiff alleges that Defendant Kelly Quarles refused to let him possess two religious publications. Plaintiff also alleges that Defendant Chaplain North has refused to provide religious services for him (though he has done so for prisoners of other religions), and has refused to let him worship in his cell, or with inmates of the same religion, as an alternative. Plaintiff further alleges that Defendant Matthew Frank imposed a regulation forbidding prisoners to maintain more than $75 of personal property, which impedes plaintiff's exercise of his religion. Finally,

2

plaintiff alleges that Defendant Mr. Radcliffe and one or more defendants of unknown name were deliberately indifferent to his medical need for foot arches. Plaintiff seeks compensatory damages, injunctive and declaratory relief for these alleged violations of his rights. Because plaintiff has set forth cognizable constitutional or federal claims, the case will proceed.

**THEREFORE, IT IS ORDERED** that plaintiff shall serve each defendant pursuant to Fed. R. Civ. P. 4 with the amended complaint, a waiver of service form and/or summons, and this order. The clerk of court is directed to provide the pro se plaintiff with instructions on how to effect service.

**IT IS ORDERED** that because this screening of the complaint has reduced plaintiff's time for service, plaintiff is granted an extension of time for service to 120 days from the date of this order. *See* Fed. R. Civ. P. 4(m).

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

3

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   7th   day of July, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge